**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE ECHEVESTE DE PEREZ, | No. 08-71983 |
| Petitioner, | Agency No. A077-122-052 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Maria Guadalupe Echeveste De Perez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's removal order. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1099 (9th Cir. 2011), and we deny the petition for review.

Perez's contention that her statements reflected in the Form I-213 (Record of Deportable/Inadmissible Alien) were obtained in violation of 8 C.F.R. § 287.3(c) is not persuasive because she was not in formal proceedings at the time she made her statements. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) (holding that protections under section 287.3(c) apply only after a Notice to Appear has been filed in the immigration court).

The BIA properly concluded that Perez was ineligible for cancellation of removal because she lacked seven years of continuous residence in the United States after being "admitted in any status." *See* 8 U.S.C. § 1229b(a)(2); *Vasquez De Alcantar*, 645 F.3d 1097, 1100-01 (9th Cir. 2011) (filing an application for adjustment of status does not constitute "admitted in any status").

**PETITION FOR REVIEW DENIED.**